**David NOHR, Appellant,**

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU, Appellee.**

Civ. No. 870196CA.

Court of Appeals of North Dakota.

Feb. 16, 1988.

Evans & Moench, Ltd., Bismarck, for appellant; argued by E.J. Rose.

Dean J. Haas (argued), Asst. Atty. Gen., North Dakota Workers Compensation Bureau, Bismarck, for appellee.

O'KEEFE, Judge.

David Nohr appealed from a district court judgment affirming a North Dakota Workers Compensation Bureau order denying benefits and denying a rehearing. We affirm.

In January 1985, Nohr quit his job as a truck driver for Missouri Basin Well Service, Inc. (Missouri Basin), because of back pain and submitted a claim for benefits in connection with a 1976 injury. On March 4, 1985 the Bureau found there was no evidence that Nohr's present condition was causally related to that injury, concluded that Nohr failed to prove he was entitled to further benefits in connection with the 1976 injury, and issued an Order Denying Further Benefits.

While his request for a rehearing was pending, Nohr filed a new claim for benefits, alleging a work-related injury caused by chaining truck tires while employed by Missouri Basin on approximately December 18, 1984. On August 8, 1985 the Bureau issued an order in which it found that "Nohr failed to prove a work injury," concluded that Nohr "failed to prove that the condition was causally related to an employment injury on or about December 18, 1984," and again denied benefits.

On August 22, 1985 Nohr requested a rehearing, asserting that he was injured while in the course of his employment. On August 28, 1985 the Bureau asked for additional evidence. On October 1 and November 14, 1985 the Bureau asked again if he had additional evidence. Nohr was in Alaska. To accommodate him, telephonic depositions were taken of him and others in lieu of a formal hearing. The Bureau then issued on September 26, 1986 another denial of benefits. Twice Nohr requested a rehearing, which the Bureau denied. The Bureau responded with a November 14,

1986 order, which affirmed its August 8, 1985 order.

In the proceedings Nohr presented two theories in support of his claims: (1) that he injured his back while skiing in December 1984, thus aggravating his 1976 injury; or (2) he injured his back while chaining truck tires in December 1984. Since its denial of benefits on March 4, 1985 the Bureau has considered both theories and denied benefits. Nohr appealed the order to the district court. Nohr filed a motion with the district court for leave to adduce additional evidence, requesting that it order that a deposition be taken of Dr. R.F. Kennedy. The district court denied the motion and affirmed the Bureau's order.

■ The Bureau made findings as to statements made by Nohr to others that he had hurt his back while skiing. Nohr argues there is no credible evidence in the record that he ever went skiing even though he himself so stated and that the finding on lack of credibility is not supported by a preponderance of the evidence. An issue not raised in the trial court cannot be raised for the first time on appeal. *Phoenix Assurance Co. of Canada v. Runck,* 366 N.W.2d 788, 793 (N.D.1985). Nohr's present appellate counsel is the third attorney to represent him since the Bureau first denied him benefits. Nohr, in the appeal to the district court, limited his challenges to other findings and informed the district court in his brief that "Nohr has not appealed the credibility finding by the Bureau." Nohr may not now challenge it in this court. It would be no consolation, however, even if the court were able to consider the issue of credibility. Nohr, by his own admission, fabricated a story about the injury. This alone, substantiates a finding that he lacked believability.

Referring to Nohr's 1976 injury, the Bureau found that "[t]here was no objective evidence upon which to substantiate a diagnosis of a herniated disc." Nohr asserts that the finding is "incorrect on its face since Dr. Kennedy did perform a physical examination and found medical criteria indicating an *objective* finding supporting his

diagnosis of a herniated disc at L4–5 in 1976."

The presence of objective evidence of a herniated disc in 1976 is not relevant to whether Nohr's alleged 1984 injury is related to the 1976 injury. In *Lyson v. N.D. Workmen's Compensation Bureau,* 129 N.W.2d 351, 354 (N.D.1964), our court rejected the Bureau's contention that it was "liable for compensation to a claimant, . . ., only to the extent that his disability may be demonstrated by objective physical findings." Thus, objective evidence of a herniated disc in 1976 is not necessary to support an award of benefits for a 1984 injury or aggravation of the 1976 injury. In this case, however, we deem the finding to be irrelevant in view of other findings that support the Bureau's decision.

■ Nohr argues that it is incorrect to find there was no evidence of residual injury and the request for further medical examination is speculative. We think otherwise. Our review is limited and we will not substitute our judgment. *Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214, 220 (N.D. 1979).

Nohr argues that § 65–05–15, N.D.C.C., "provides compensation when a non-employment accident aggravates a previous employment condition" and that "[b]y not following the aggravation statute, the decision of the Bureau is not in accordance with North Dakota law." Nohr did not, however, introduce any evidence that his present back condition constitutes an "aggravation of a compensable injury by a nonemployment injury" as distinguished from a new injury to the same area of his back.

■ We also affirm the district court's denial of Nohr's motion for leave to adduce additional evidence pursuant to § 28–32–18, N.D.C.C. When he filed that motion, nearly two years had passed since Nohr sought benefits from the Bureau and his claims had been the subject of one hearing and two rehearings. Nohr made no showing before the district court that "there were reasonable grounds for the failure to adduce such evidence in the hearing or pro-

ceeding had before the administrative agency." 28–32–18 *supra.*

Furthermore, the proffered evidence does not significantly support Nohr's position that his present back pain is causally related to or an aggravation of his 1976 work-related back injury.

The path of this claim through the administrative and court channels has been serpentine. To return this case for yet another hearing would serve no good purpose and be an unnecessary burden on the Bureau. This litigant has been afforded his full day in court. The Bureau, after a thorough review, is unconvinced. It is not our function to override that decision on some equitable basis unrelated to review standards.

Affirmed.

Roy A. ILVEDSON, Surrogate Judge, Chief Judge, and A.C. BAKKEN, Surrogate Judge, concur.