522 N.W.2d 480 (1994)
In re the Claim of Viola M. VAIL for Compensation from the North Dakota Workers Compensation Fund.
Viola M. VAIL, Appellant,
v.
NORTH DAKOTA WORKERS COMPENSATION BUREAU, Appellee, and
St. Luke's Hospital, Respondent.
Civ. No. 940132.
Supreme Court of North Dakota.
October 5, 1994.
*481 Alan Baker (argued), of Baker Legal Clinic, Fargo, for appellant.
Ken R. Sorenson (argued), Asst. Atty. Gen., North Dakota Workers Compensation Bureau, Bismarck, for appellee.
NEUMANN, Justice.
Viola Vail appealed from a district court judgment affirming an order of the North Dakota Workers Compensation Bureau denying her claim for continued payment of chiropractic treatments for a work-related injury. We conclude the Bureau's finding that continued chiropractic treatments are neither reasonable nor medically necessary to treat Vail's injury is supported by a preponderance of the evidence, and we affirm.
During March 1982, Vail injured her back while employed as a housekeeper at St. Luke's Hospital in Fargo. She filed a claim for workers compensation benefits, and the Bureau accepted liability for the injury.
On May 11, 1984, Vail and the Bureau entered into a stipulation, which provided in relevant part:
"WHEREAS, the claimant's injury was diagnosed as a sacroiliac sprain complicating a lumbosacral sprain/strain syndrome and later showed a chronic facet syndrome with musculoligamentous low back pain;
* * * * * *
"WHEREAS, further medical evidence indicated that claimant may not be able to return to work for approximately two years and would require chronic chiropractic manipulation;
* * * * * *
"WHEREAS, the parties desire to stipulate to a final settlement of this claim.
"IT IS STIPULATED AND AGREED by and between the parties as follows:
"1. The Bureau shall continue to be liable for all medical expenses directly related to claimant's injury on March 30, 1982.
"2. The Bureau shall pay and the claimant shall accept payment of the total sum of Twenty Thousand Dollars ($20,000.00) in lieu of all benefits except medical expense benefits directly related to claimant's injury on March 30, 1982."
Since her injury, Vail has complained of chronic and debilitating pain in her lower back and legs. It is undisputed that Vail has received approximately 1,700 chiropractic *482 treatments for pain relief. She has received up to ten chiropractic treatments per week and, at the time of the Bureau's hearing, was receiving two or three weekly treatments. Dr. Jane Torson of Moorhead Minnesota has been Vail's treating chiropractic doctor since 1985. Torson testified that Vail has a pelvic deficiency, a tilting in the pelvic region, which makes one leg shorter than the other, and other neurological and orthopedic problems. Torson testified that Vail requires not less than two chiropractic treatments per week, indefinitely.
In March 1989, the Bureau sent Vail to the Mayo Clinic in Rochester, Minnesota for an independent examination by Dr. Gregory Peterson, M.D. Peterson concluded Vail has symptoms of chronic diffuse low back pain with mild degenerative joint disease of the knees, but no other identifiable pain source. Peterson further concluded that neither physical therapy nor chiropractic treatment was medically indicated by Vail's condition and that Vail should continue a program of home therapy, including exercises and application of radiant heat.
Following Peterson's examination, the Bureau notified Vail it would no longer pay for her chiropractic treatments. Vail requested and received a formal agency hearing, after which the Bureau entered an order affirming its decision to deny payment for chiropractic treatments. Vail appealed from the Bureau's order to the district court, which affirmed the Bureau's decision. Vail then appealed to this court.
The claimant has the burden of establishing her right to participate in benefits from the workers compensation fund. Froysland v. North Dakota Workers Compensation Bureau, 432 N.W.2d 883 (N.D. 1988). If the Bureau terminates benefits after initially accepting a claim, the claimant has the burden of proving her right to continue receiving benefits. Howes v. North Dakota Workers Compensation Bureau, 429 N.W.2d 730 (N.D.1988), cert. denied, 489 U.S. 1014, 109 S.Ct. 1126, 103 L.Ed.2d 189 (1989). Our standard for reviewing a decision of the Bureau was recently summarized in Halseth v. North Dakota Workers Compensation Bureau, 514 N.W.2d 371, 372-373 (N.D.1994):
"On appeal we review the findings of fact and conclusions of law of the Bureau rather than the determinations of the district court.... Under sections 28-32-19 and 28-32-21, NDCC, we will affirm the Bureau's decision unless one of the six enumerated reasons listed in section 28-32-19 for not affirming the decision is found to exist.... Essentially, we must determine whether the record supports the Bureau's findings of fact, whether the findings of fact support the conclusions of law, whether the conclusions of law support the decision, and whether the decision is in accordance with the law....
"When reviewing findings of fact, we neither substitute our judgment for that of the Bureau nor make independent findings of fact.... We uphold the Bureau's findings unless the findings are not supported by a preponderance of the evidence. NDCC § 28-32-19(5).... The question on appeal is not whether we would have weighed the evidence differently and reached a different conclusion than that which was reached by the Bureau.... Rather, we will disturb the Bureau's findings of fact only if a reasonable mind could not reasonably find that the weight of the evidence supports the findings." (Citations omitted.)
Vail asserts that the Bureau denied her a fair hearing because it failed to establish a system of peer review as required under Section 65-05-07(3), N.D.C.C. The statute authorizes the Bureau to establish a system of peer review "to determine reasonableness of fees and payment denials for unjustified treatments, hospitalization, or visits." Vail did not raise this issue in the administrative proceedings nor in her appeal before the district court. It is well settled that an issue which has not been properly raised before the trial court cannot be raised for the first time on appeal to this court. Pic v. City of Grafton, 460 N.W.2d 706 (N.D. 1990); Caldis v. Board of County Commr's, Grand Forks County, 279 N.W.2d 665 (N.D. 1979). We conclude Vail has failed to preserve this issue for appeal.
*483 Vail also argues on appeal that it was unreasonable for the Bureau to reject the opinion of her treating chiropractor that she needs chiropractic care, in favor of Peterson's opinion that chiropractic care was not necessary to treat her condition. The adversarial concept has only limited application in determinations relating to workers compensation claims. When there is inconsistent medical evidence, the Bureau cannot rely upon evidence favorable to its position without attempting to clarify the inconsistencies. Moses v. North Dakota Workers Compensation Bureau, 429 N.W.2d 436 (N.D.1988). The Bureau must consider the entire medical record, and if there is conflicting medical evidence, some favorable and some unfavorable to the claimant, the Bureau must adequately explain its reasons for disregarding the favorable evidence in denying benefits. Hayes v. North Dakota Workers Compensation Bureau, 425 N.W.2d 356 (N.D.1988).
Since her injury, Vail has received nearly 1,700 chiropractic treatments in all, and continues to receive two or three such treatments each week. These treatments have provided only very brief pain relief. Torson conceded Vail's condition will not be corrected by the chiropractic treatments, but she concluded that Vail should continue indefinitely taking not less than one or two weekly treatments for pain relief. The Bureau suspected the treatments were neither effective nor medically warranted because they gave only very brief respite from pain and were repeated with great frequency. Acting on this view, the Bureau had Vail examined at the Mayo Clinic by Peterson, who is board certified in physical medicine and rehabilitation. Peterson concluded that chiropractic manipulation was not an effective treatment for Vail's injury. He stated in his report, "formal physical therapy or chiropractic treatment is not medically indicated." Relying on the poor results of Vail's on-going chiropractic treatment, and Peterson's medical report, the Bureau concluded that further chiropractic treatments were not justifiable for treatment of Vail's 1982 work injury.
We do not substitute our judgment for that of the Bureau in weighing and judging the credibility of the medical evidence. Kuklok v. North Dakota Workers' Compensation Bureau, 492 N.W.2d 572 (N.D.1992). We believe the Bureau has adequately explained why it accepts Peterson's conclusion against continued chiropractic treatments over Torson's contrary view. We conclude the Bureau's finding that Vail is not entitled to receive payment from the fund for further chiropractic treatments is supported by a preponderance of the evidence.
Vail also asserts that the Bureau violated the stipulation which, she alleges, requires the Bureau to pay indefinitely for Vail's chiropractic treatments. The May 1984 stipulation recognized that Vail "may not be able to return to work for approximately two years" and that she would require "chronic chiropractic manipulation." The Bureau specifically agreed to pay Vail $20,000 in settlement of her claims and to remain liable for "all medical expenses directly related to claimant's injury." The Bureau found from a preponderance of the evidence that further chiropractic treatments are not medically indicated or required as treatment for Vail's injury. Under the stipulation, the Bureau is responsible only for payment of medical expenses which are directly related to Vail's work injury. Consequently, the Bureau is not liable for future chiropractic treatments sought by Vail, because those treatments are no longer deemed directly related to her injury.
In accordance with this opinion, the judgment of the district court affirming the Bureau's denial of Vail's request for continued payment of chiropractic treatments is affirmed.
VANDE WALLE, C.J., SANDSTROM and MESCHKE, JJ., and ALLAN L. SCHMALENBERGER, District Judge, concur.
ALLAN L. SCHMALENBERGER, D.J., sitting in place of LEVINE, J., disqualified.