Ricky **FISCHER,** Appellant,

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU,** Appellee,

and

**UE & C Catalytic, Inc., Respondent.**

Civ. No. 940224.

Supreme Court of North Dakota.

April 13, 1995.

---

**1.** It would appear that the trial court also could have decided to hold Richard in contempt for refusing to comply with its order. The court's action in this case constituted a more restrained approach to the problem created by Richard.

Kathryn L. Dietz of Dietz & Little, Bismarck, for appellant.

Robert W. Morris and Candace Prigge, Asst. Attys. Gen., N.D. Workers Compensation Bureau, Bismarck, for appellee; argued by Candace Prigge.

SANDSTROM, Justice.

Ricky Fischer appeals a Workers Compensation Bureau order denying him benefits based on a significant change in medical condition since benefits were last changed. We reverse. The bureau's unreopened earlier order is res judicata as to the claimant's medical condition at that time. To deny benefits because of no significant change in condition, the bureau wrongly held the claimant's condition was actually worse than it found in its earlier order.

I

In 1990, the bureau awarded rehabilitation benefits relating to Fischer's 1989 work-re-

lated injury. Although there was some evidence of more extensive limitations or restrictions, the bureau's order found: "Claimant's medical limitations restrict Claimant to light work." The bureau's order provided for Fischer's training in the electronics technician program at Bismarck State College. The order stated: "Claimant's chosen vocation offers vocational opportunities which are compatible with claimant's restrictions and limitations."

Fischer did not appeal the bureau's order. In August 1990 he began the training which he completed in May 1992. After completing training, Fischer was unable to secure employment as an electronics technician.

Fischer testified he had unsuccessfully applied for over 300 jobs in the electronics field. Unable to secure work as an electronics technician, he began driving truck to earn an income. The truck driving aggravated his injury.

In July 1992, Fischer reapplied to the bureau for benefits. The bureau did not reopen, but denied additional benefits. Fischer appealed to the district court, which affirmed the bureau's order.

The district court had jurisdiction under Art. VI, § 8, N.D. Const., N.D.C.C. §§ 27–05–06, 28–32–19.1, and 65–10–01. This Court has jurisdiction under Art. VI, § 6, N.D. Const., and N.D.C.C. § 28–32–21. The appeal was timely under Rule 4(a), N.D.R.App. P., and N.D.C.C. § 28–32–21.

## II

■■■ Our review of workers compensation matters is governed by N.D.C.C. § 28–32–19. We affirm the bureau's decision unless its findings of fact are not supported by a preponderance of the evidence, its conclusions of law are not supported by its findings of fact, its decision is not supported by its conclusions of law, or its decision is not in accordance with the law. *Thompson v. North Dakota Workers Compensation Bureau*, 490 N.W.2d 248, 251 (N.D.1992). Our review of the bureau's findings of fact is limited to whether a reasoning mind could have reasonably determined that its findings

were proven by the weight of the evidence, viewing the entire record. *Thompson.*

Fischer applied for additional rehabilitation benefits after completing the two-year course for electronics technician. He based his claim on N.D.C.C. § 65–05.1–06.1(2)(h), which provides:

"2. If the appropriate priority option is short-term or long-term training, the vocational rehabilitation award must be within the following terms:

.    .    .    .    .

"h. If the employee successfully concludes the rehabilitation program, the employee is not eligible for further vocational retraining or total disability benefits unless *the employee establishes a significant change in medical condition attributable to the work injury which precludes the employee from performing the work for which the employee was trained, or any other work for which the employee is suited.* The bureau may waive this section in cases of catastrophic injury defined by subdivision c of subsection 2." [Emphasis added.]

Fischer does not claim a catastrophic injury. He argues his medical condition has changed preventing him from performing the work for which he was trained, or any other work for which he is suited.

■■■ The order granting benefits stated Fischer's medical condition restricts him to "light work." "Light work" is a term of art used by occupational analysts to describe a worker's physical limitation. Light work is defined as:

"Exerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently, and/or a negligible amount of force constantly (Constantly: activity or condition exists ⅔ or more of the time) to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of

arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible. NOTE: The constant stress and strain of maintaining a production rate pace, especially in an industrial setting, can be and is physically demanding of a worker even though the amount of force exerted is negligible."

Employment & Training Admin., U.S. Dep't of Labor, *Dictionary of Occupational Titles* 1013 (4th ed. 1991).

■ Fischer introduced his doctor's letter of March 30, 1993, as evidence of a change in his medical condition:

"In summary, I would say the patient's condition has worsened over the last six months. *Overall he should still be physically limited to a sedentary to light type of work, avoiding any type of repetitive bending, stooping, or lifting activities.*" [Emphasis added.]

He also introduced his doctor's letter of September 2, 1993:

"As to the question of whether Mr. Fischer can do light duty work, I would think he could handle lifting aspects of light duty which is 20 pounds occasionally and 10 pounds more frequently. *Because of Mr. Fischer's worsening condition, however, he would have more difficulty doing nonmaterial handling tasks such as repetitive bending or prolonged standing, sitting, or bending in any one position.* It is difficult for me to tell from the DOT Code for electronics technician how much the tasks mentioned above are involved. If this job does not require any repetitive bending, lifting, or prolonged sitting, bending, or standing in one position, Mr. Fischer could probably handle this job. However, on the other hand if this job does require any awkward positions such as prolonged bending or standing in one position or repetitive lifting, this would most certainly aggravate Mr. Fischer's condition further and I would therefore not recommend this type of work." [Emphasis added.]

These letters demonstrate a change in Fischer's medical condition. Fischer's condition is more restrictive than mere "light work." Fischer cannot repetitively bend, stoop, or lift while working.

■ The bureau contends Fischer's condition has not changed and points to the vocational consultant's final assessment prepared before the earlier order. The assessment states Fischer's medical limitations. The bureau argues these limitations are the same as those Fischer's doctors now report. The district court in its review similarly compared Fischer's current medical condition with the vocational assessment.

In denying Fischer additional benefits, the bureau did not rely on the findings in its order, but rather on the vocational assessment and medical testimony not incorporated in its order. In doing so it clearly erred. The proper benchmark is the bureau's previous order.

■ The doctrine of administrative res judicata prevents collateral attacks on administrative agency decisions and protects the parties from duplicative proceedings. *Lamplighter Lounge, Inc. v. State ex rel. Heitkamp*, 510 N.W.2d 585, 591 (N.D.1994). Administrative res judicata is simply the judicial doctrine of res judicata applied to an administrative proceeding. *Lamplighter.* In a judicial setting, the doctrine of res judicata is limited to a valid, existing, and final judgment from a court of competent jurisdiction. *Americana Healthcare Center v. North Dakota Dept. of Human Services*, 513 N.W.2d 889, 891 (N.D.1994). An agency final order is the corresponding document in an administrative setting. *See Lamplighter.* The bureau's vocational assessment does not meet this description. The bureau's order, which is the foundation for administrative res judicata, only stated Fischer was limited to light work. The order, which is final and res judicata on both Fischer and the bureau, did not place any other limitations on Fischer. In *Lass v. North Dakota Workmen's Compensation Bureau*, 415 N.W.2d 796, 800 (N.D.1987), this Court said: "Thus, absent a reopening, an unappealed decision on an employee's present medical condition is final and res judicata of his medical condition at that time."

A "significant change in medical condition" must prevent the employee from performing the work for which the employee is trained, or any other work for which the employee is suited. N.D.C.C. § 65–05.1–06.1(2)(h). Fischer introduced evidence of a change in medical condition. Compared to the condition found in its previous order, the change was significant. The change was severe enough to restrict Fischer. His limitations restrict him to something less than "light work." Electronics technician requires a worker to perform "light work." Fischer now has limitations which prevent him from fully performing as an electronics technician.

Fischer also cannot perform other work for which he is suited. The only work in which he is experienced requires heavy, manual labor. In his current condition, Fischer cannot perform that type of work.

The bureau is precluded, as a matter of law, from using a benchmark different than that established by its previous order. Basing the analysis on the condition found in the previous order, the bureau's denial of additional benefits is not supported by the evidence.

### III

The other issues raised by Fischer are unnecessary to the decision of the case. The order of the bureau is reversed and the case is remanded for the award of further benefits.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ., concur.