Donna OTTO, Claimant and Appellant,

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU,**
Appellee,

and

**The Anne Carlsen School, Respondent.**

Civ. No. 940403.

Supreme Court of North Dakota.

June 27, 1995.

Stephen D. Little, Dietz & Little, Bismarck, for claimant and appellant.

Ken R. Sorenson, Asst. Atty. Gen., North Dakota Workers Compensation Bureau, Bismarck, for appellee.

SANDSTROM, Justice.

Donna Otto appeals from a district court judgment affirming an order by the North Dakota Workers Compensation Bureau denying her reapplication for benefits. We hold the bureau's finding Otto failed to prove her current condition was related to a prior work injury is supported by a preponderance of the evidence. We therefore affirm.

I

On April 6, 1983, Otto suffered a lower back injury while lifting a resident during the course of her employment as a child care attendant at the Anne Carlsen School. Otto's treating physician, Dr. Ard Mardirosian, diagnosed a back sprain and estimated Otto would be disabled for two weeks. The bureau accepted liability for her injury, paid her related medical expenses, and awarded her disability benefits. Otto returned to work on April 22, 1983. According to Otto, on April 26, 1983, she began working at the school as a housekeeper, because that job did not require lifting.

On April 26, 1983, Otto went to a chiropractor, Dr. G.J. Harbaugh, for treatment. In May 1983, Dr. Harbaugh reported Otto's recovery was not complete, but she suffered no permanent impairment and was progressing well with slight back and no leg pain. In July 1983, Dr. Harbaugh reported Otto was to return for treatment in one month if she had any further back problems. Otto did not return to Dr. Harbaugh for treatment until September 1985. Dr. Harbaugh's office notes indicate he treated Otto nine times in 1985, seven times in 1986, five times in 1989, eight times in 1990, three times in 1991, five times in 1992, and two times in 1993. Dr. Harbaugh's notes do not indicate the reason for the treatments and do not refer to Otto's 1983 work injury. According to Otto, she sought chiropractic care when her back became symptomatic from housekeeping and yardwork.

Otto testified she left her job as a housekeeper at the Anne Carlsen School in 1988 or 1989, because of a respiratory ailment, and in July 1990, she began working as a part-time housekeeper at a nursing home, but she quit

that job after six months because it required lifting.

In August 1993, Otto reapplied for workers compensation benefits, asserting her medical condition had changed in July 1990. The bureau referred Otto to Dr. Paul Larsen, who examined Otto and reported

"her current complaints of back pain are clearly not related to her 1983 injury. She clearly did not have any permanent impairment arising from the 1983 injury. Based on the information in Mrs. Otto's file and from the history she herself has provided, I can state with reasonable medical certainty that she recovered from her injury of April 6, 1983, most likely within one month of the injury."

Meanwhile, Dr. Harbaugh referred Otto to Dr. Michael P. Martire, who reported:

"Chronic low back pain status post work related injury. Based on the medical records, the patient's history, and examination today, the patient had an initial musculoligamentous injury. There is definite evidence of sacroiliac joint dysfunction and pain at this time along with some myofascial pain and dysfunction of the right quadratus lumborum and upper gluteus medius muscle."

Dr. Martire concluded Otto's complaints of back pain were related to her 1983 work injury.

On April 28, 1994, the bureau held a formal hearing on Otto's reapplication for benefits. Otto testified at the hearing, and on May 9, 1994, Dr. Larsen testified by telephone deposition which was received into evidence. On August 8, 1994, the bureau issued its order, finding Dr. Larsen's opinion more credible than Dr. Martire's opinion. The bureau concluded Otto's present condition was unrelated to her 1983 work injury and denied her reapplication for benefits. The district court affirmed the bureau's decision, and Otto appealed.

The district court had jurisdiction under Art. VI, § 8, N.D. Const., N.D.C.C. §§ 27–05–06, 28–32–15, and 65–10–01. This Court has jurisdiction under Art. VI, §§ 2, 6, N.D. Const., and N.D.C.C. § 28–32–21. The appeal was timely under Rule 4(a), N.D.R.App. P., and N.D.C.C. § 28–32–21.

II

■ While her appeal was pending in the district court, Otto applied for leave to offer additional evidence and submitted a letter from Dr. Martire, dated September 6, 1994. The letter was not part of the record before the bureau, see N.D.C.C. §§ 28–32–17, 28–32–19, and, although included in Otto's appendix to the appellate briefs, the letter is not part of the record on appeal. See N.D.R.App.P. 10, 30. According to Otto, Dr. Martire's letter was a "clarification of issues raised" by the bureau's decision and included Dr. Martire's comments about Dr. Larsen's evaluation and the bureau's decision. The district court denied Otto's application, concluding Otto had failed to show reasonable grounds for her failure to offer the evidence in the administrative hearing.

■ Under N.D.C.C. § 28–32–18 a party may apply to the court in which an appeal is pending for leave to offer additional evidence. If the court finds the additional evidence is material and there were reasonable grounds for the failure to adduce the evidence at the administrative hearing, the court may order the additional evidence be taken, heard and considered on terms and conditions as it deems proper. N.D.C.C. § 28–32–18; *Insurance Services Office v. Knutson*, 283 N.W.2d 395, 400 (N.D.1979); *Nohr v. North Dakota Workers Comp. Bureau*, 419 N.W.2d 545, 546–47 (N.D.Ct.App.1988). The court's review of a bureau decision is based on the record made before the bureau, and the district court and this Court may not consider evidence which has not been presented to the bureau. *Knutson v. North Dakota Workmen's Compensation Bureau*, 120 N.W.2d 880, 882–83 (N.D.1963).

The record indicates Otto had the opportunity to solicit the letter from Dr. Martire before an appeal was taken to the district court and to offer it, or comparable evidence, in the proceedings before the bureau. Otto made no showing of reasonable grounds for her failure to procure the additional evidence and to make it part of the record before the bureau. We affirm the district court's denial

of Otto's application, and we do not consider Dr. Martire's post-appeal letter.

### III

 Under N.D.C.C. § 28–32–21, our review of the bureau's decision is governed by N.D.C.C. § 28–32–19. We affirm the bureau's decision unless its findings of fact are not supported by a preponderance of the evidence, its conclusions of law are not supported by its findings of fact, its decision is not supported by its conclusions of law, or its decision is not in accordance with the law. *Fischer v. North Dakota Workers Compensation Bureau,* 530 N.W.2d 344, 346 (N.D. 1995). In considering whether the bureau's findings of fact are supported by a preponderance of the evidence, we exercise restraint and do not make independent findings of fact or substitute our judgment for the bureau's determination. *Wherry v. North Dakota State Hospital,* 498 N.W.2d 136, 139 (N.D.1993). Our review of the bureau's findings of fact is limited to whether a reasoning mind could have reasonably determined that its findings were proven by the weight of the evidence from the entire record. *Wherry* at 139.

 To participate in the workers compensation fund, a claimant must prove a compensable injury by a preponderance of the evidence. N.D.C.C. § 65–01–11; *Wherry* at 139. In reconciling the claimant's burden of proof with our standard of review of a decision based upon conflicting medical evidence, we require the bureau to clarify inconsistencies and adequately explain its rationale for disregarding medical evidence favorable to the claimant. *Wherry* at 139. In *Kopp v. North Dakota Workers Compensation Bureau,* 462 N.W.2d 132, 135 (N.D.1990) (citations omitted), we explained:

"Although the ultimate resolution of conflicting medical testimony falls with the agency, this Court has required the Bureau to clarify discrepancies among inconsistent medical reports.... Initially, we limited the requirement of adequate clarification of discrepancies in medical testimony to situations involving internal conflicts in the attending physician's report.... Later, we expanded the requirement to include situations involving two reports by the same physician which contained conflicting opinions.... Finally, in 1985, this Court remanded a decision to clarify discrepancies between two different physicians.... Although we are continuing to shape the principles which govern the Bureau's treatment of inconsistent medical evidence, we must continually bear in mind the basic rule first articulated by Justice Sand: 'Normally, it is within the province of the administrative agency, not the courts, to weigh conflicting medical opinions and to resolve these conflicts.'..."

In this case, Dr. Larsen and Dr. Martire disagreed about whether Otto's current condition was related to her 1983 work injury. The bureau adopted Dr. Larsen's opinion and rejected Dr. Martire's opinion, explaining:

"VIII.

"Dr. Paul Larsen examined Otto at the request of the Bureau. Otto was not able to describe her pain or grade the intensity of her pain to Dr. Larsen. Otto was not able to describe to Dr. Larsen what activities made her pain worse or made the pain better. Otto did not indicate she had any numbness, tingling or sensory disturbance in her legs, nor did she have any weakness in either leg. According to Dr. Larsen, her muscles were poorly toned, she had exogenous obesity, normal cervical range of motion and better than normal lumbar range of motion. She was able to touch her entire palm to the floor with her knees locked and straight leg raising was negative. Dr. Larsen's impressions were that Otto had a history of atypical back pain with normal physical examination and no evidence of impairment. Dr. Larsen noted that while Otto claimed to be in pain, she did not demonstrate any pain behavior. Dr. Larsen felt that Otto's present back complaints are not related to her 1983 injury.

"IX.

"Dr. Martire felt that Otto's present low back condition is related to her 1983 injury and that she has a permanent impairment

as a result of the 1983 injury. Dr. Martire provided no explanation as to how Otto's present condition is related to her 1983 injury. Dr. Martire stated that he reviewed prior medical records. Otto did not have any medical examinations since 1983, and the only other health care records were the chiropractic treatment records of Dr. Harbaugh, which primarily consist of treatment dates, abbreviated treatment descriptions, and are without any indication of examinations establishing the basis and necessity of treatment. Further, Dr. Martire states that Otto left her employment at the Anne Carlsen School on account of her back problems. That is contradicted by Otto's testimony at hearing and her statements to Dr. Larsen that she left on account of respiratory problems. Dr. Martire also does not address extended periods between May of 1983 and September of 1985 and the years 1987 and 1988 when Otto did not receive any care for her back.

"X.

"There are no references in the chiropractic notes of Dr. Harbaugh to Otto's 1983 work injury. Otto's own testimony was that she sought chiropractic care when her back would become symptomatic after housekeeping and yardwork.

"XI.

"Dr. Larsen's opinion is more credible and should be given more weight than Dr. Martire's. Dr. Larsen has explained his opinion and the basis of his opinion can be determined from his report. Dr. Martire has not explained his opinion, except that he states he reviewed Otto's previous medical records, records that do not provide any information except dates of treatment and which indicate extensive periods in which there was not any treatment provided. Dr. Harbaugh had noted on May 19, 19[8]3, Otto was progressing well and on July 28, 1983, indicated there was no permanent impairment and that Otto was to return in a month if she had problems. Otto did not seek care again until September of 198[5], more than two years later. The evidence indicates that Otto's low back

problem had resolved, as Dr. Larsen had opined."

■ The bureau's findings provide an adequate explanation for its acceptance of Dr. Larsen's opinion and for its rejection of Dr. Martire's opinion. Otto's claim involved a credibility choice between the expert medical opinions of Dr. Larsen and Dr. Martire. The bureau is responsible for weighing the credibility of medical evidence. *Vail v. North Dakota Workers Compensation Bureau,* 522 N.W.2d 480, 483 (N.D.1994). In weighing the medical opinions in this case, the bureau explained why it gave more weight to Dr. Larsen's opinion. A reasoning mind reasonably could have determined the conclusion reached by the bureau was proved by the weight of the evidence from the entire record. The bureau's finding Otto failed to prove her current condition was related to her 1983 injury is supported by a preponderance of the evidence.

IV

We affirm the district court judgment.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ., concur.