Loren OLLOM, Claimant and Appellant,

v.

NORTH DAKOTA WORKERS COMPENSATION BUREAU, Appellee,

and

Tom Brown, Inc. Respondent.

Civ. No. 950245.

Supreme Court of North Dakota.

Dec. 29, 1995.

Rehearing Denied Jan. 30, 1996.

Stephen D. Little, of Dietz & Little, Bismarck, for claimant and appellant.

Lawrence A. Dopson, Special Assistant Attorney General, of Zuger Kirmis & Smith, Bismarck, for appellee.

NEUMANN, Justice.

Loren Ollom appealed from a district court judgment affirming an order of the North Dakota Workers Compensation Bureau discontinuing payment of his chiropractic treatments. We conclude the Bureau's finding that Ollom's back pain is not related to his 1978 work-related back injury is supported by a preponderance of the evidence, and we affirm.

Ollom injured his low back in a work-related accident on December 22, 1978. The accident resulted in a herniated disc. Ollom had successful surgery and was released to work in March 1979. Ollom applied for workers compensation benefits for the injury, and the Bureau accepted liability on the claim.

In another work-related accident, on April 9, 1980, Ollom's left foot and ankle were crushed. As a result of that injury, Ollom had four ankle surgeries, including a fusion of the ankle, the last performed in 1988. Ollom applied for workers compensation benefits for this injury, and the Bureau accepted liability on the claim.

Since those injuries, Ollom has experienced occasional low back pain. Dr. William Healey, a podiatrist who treated Ollom for his ankle injury, attributed Ollom's low back pain to a gait abnormality caused by the ankle injury and fusion. Dr. Healey referred Ollom to Dr. Brian Hardesty, a chiropractor, for treatment. Dr. Hardesty also attributed Ollom's back pain to the change in gait caused by his ankle injury, and he determined that chiropractic manipulation could provide temporary pain relief for Ollom. However, in 1992 Ollom was examined by Dr. Thomas W. Hutchinson, an orthopedic surgeon, who determined Ollom had a normal gait and equal leg lengths with symmetrically developed thigh and calf musculature. Dr. Hutchinson concluded, "Ollom is currently medically stable and there is no indication for further diagnostic study or medical treatment."

Based upon the recommendation of HealthMarc, the Bureau's "utilization review organization," the Bureau informed Ollom, in February 1993, that it would not continue to pay for chiropractic treatments. By letter, dated March 4, 1993, Dr. Hardesty informed the Bureau that, in his opinion, Ollom would continue to need at least two chiropractic treatments per month "for the rest of his life" to relieve the pain in his low back. The Bureau scheduled Ollom for an independent evaluation by Dr. Harry Reese, an orthopedic surgeon. Dr. Reese concluded there was no medical evidence that would link Ollom's current back pain to his 1978 back injury. Dr. Reese also concluded Ollom's back pain was not the result of a gait abnormality. However, Dr. Reese acknowledged that Ollom's back problems could be the result of deconditioning from inactivity related to the 1980 ankle injury.

After administrative proceedings, the Bureau issued a final order on January 24, 1995 denying Ollom payment for "chiropractic care after February 10, 1992, for treatment of his December 22, 1978 work injury." Ollom appealed, and the Bureau's order was upheld by the district court. A claimant has the burden of establishing the right to participate in benefits from the workers compensation fund. *Froysland v. N.D. Workers Compensation Bureau,* 432 N.W.2d 883 (N.D.1988). If the Bureau terminates benefits after initially accepting a claim, the claimant has the burden of proving the right to continue receiving benefits. *Vail v. N.D. Workers Compensation Bureau,* 522 N.W.2d 480 (N.D.1994). Our standard for reviewing a Bureau's decision was recently summarized in *Otto v. N.D. Workers Compensation Bureau,* 533 N.W.2d 703, 706 (N.D.1995):

"Under N.D.C.C. § 28–32–21, our review of the bureau's decision is governed by N.D.C.C. § 28–32–19. We affirm the bureau's decision unless its findings of fact

are not supported by a preponderance of the evidence, its conclusions of law are not supported by its findings of fact, its decision is not supported by its conclusions of law, or its decision is not in accordance with the law.... In considering whether the bureau's findings of fact are supported by a preponderance of the evidence, we exercise restraint and do not make independent findings of fact or substitute our judgment for the bureau's determination.... Our review of the bureau's findings of fact is limited to whether a reasoning mind could have reasonably determined that its findings were proven by the weight of the evidence from the entire record." [Citations omitted.]

█ The Bureau's order in this case is very narrowly limited to the issue of whether Ollom's current back problems are causally related to the 1978 work-related injury to his back. It is unclear why the Bureau did not also determine whether Ollom's current back problems are related to the 1980 ankle injury. However, Ollom did not object to the Bureau's limiting of the causal issue to the 1978 back injury accident. Dr. Reese concluded Ollom's current back pain is not related to the 1978 back injury, and Ollom does not really dispute that determination. Instead, Ollom argues on appeal that his chiropractic treatments are compensable because his back pain is causally related to the 1980 ankle injury and surgery. The Bureau responds that the issue of whether Ollom's current back pain is related to his 1980 ankle injury "was not before the Bureau and was not decided by the Bureau."

The Bureau also argues that, irrespective of the cause of Ollom's back pain, Ollom has failed to prove that chiropractic treatments are effective or medically necessary. Dr. Hardesty concluded Ollom needs one or two chiropractic treatments per month for the rest of his life to relieve his suffering. Dr. Reese expressed a contrary opinion that chiropractic treatment, by itself, was not medically warranted, because it provides only very brief respite from pain and no long-term benefit. However, Dr. Reese also testified that Ollom's back pain is likely the result of being in a deconditioned state and agreed

that chiropractic manipulation could provide some real benefit to Ollom if it is coupled with "an exercise strengthening program" involving "a reasonable exercise regimen that could recondition well and slowly." Consequently, Dr. Reese's testimony does not rule out the possibility that continued chiropractic treatment for Ollom might be medically justified, if combined with a proper conditioning program. To receive payment from the Bureau for chiropractic care, Ollom has the burden to prove not only that such treatment is medically justified but also that his back pain is causally linked to his 1980 work-related ankle injury. However, that issue was not decided by the Bureau and, therefore, is not dispositive here.

We conclude there is a preponderance of evidence to support the Bureau's finding that Ollom's back pain is not causally related to his 1978 back injury. That finding supports the Bureau's conclusion that Ollom has not proven he is entitled to compensation for chiropractic care for his 1978 back injury. Accordingly, the judgment of the district court affirming the Bureau's order that "Ollom is not entitled to chiropractic care after February 10, 1992, for treatment of his December 22, 1978, work injury" is affirmed.

VANDE WALLE, C.J., and SANDSTROM, LEVINE and MESCHKE, JJ., concur.