1997 ND 160

Timothy THEIGE, Claimant and Appellant,

v.

NORTH DAKOTA WORKERS COMPENSATION BUREAU, Appellee,

and

G.L. Trucking & Rental, Inc. Respondent.

Civil No. 970087.

Supreme Court of North Dakota.

Aug. 11, 1997.

---

a functional capacity evaluation [FCE] on August 31, 1995. The FCE was conducted by Teri Hinkel, a physical therapist. Hinkel concluded Theige had not exerted maximum effort in the assessment, had exhibited inappropriate illness behavior, and had attempted to manipulate the results. She accordingly reported to the Bureau that the FCE results were invalid.

[¶ 3] The Bureau scheduled a second FCE for Theige with Hinkel on October 10, 1995. The Bureau advised Theige if the results were again invalid his benefits would be suspended. This second FCE produced similar results, with Hinkel reporting Theige again exhibited submaximal effort and inappropriate illness behavior. She labeled the second FCE results as "equivocal."

[¶ 4] On November 22, 1995, the Bureau issued an order suspending Theige's benefits. The Bureau advised Theige benefits would be reinstated if he appropriately participated in a third FCE at his own expense.

[¶ 5] Theige requested a rehearing, and a temporary administrative law judge [ALJ] was appointed. At the hearing, Theige and Hinkel offered conflicting testimony on Theige's participation in the two FCEs. The ALJ issued recommended findings of fact and conclusions of law, and a proposed order affirming the Bureau's decision. The ALJ found:

> "The greater weight of the evidence shows that the Claimant gave less than maximum effort for each of the FCE's, and demonstrated inappropriate illness behavior, manipulation or system exaggeration resulting in both assessments being invalid and that the Claimant therefore refused to participate in required medical treatment and obstructed the same."

The ALJ concluded the Bureau was therefore authorized under N.D.C.C. §§ 65–05–28 and 65–05.1–04(3) to suspend Theige's benefits.[1]

Stephen D. Little (argued), Dietz, Little & Haas, Bismarck, for claimant and appellant.

Lawrence A. Dopson (argued), Special Assistant Attorney General, Bismarck, for appellee.

NEUMANN, Justice.

[¶ 1] Timothy Theige appeals from a district court judgment affirming the North Dakota Workers Compensation Bureau's order suspending his benefits. We affirm.

[¶ 2] Theige suffered a work-related back injury in 1993. The Bureau accepted his claim and paid temporary disability benefits. The Bureau directed Theige to participate in

---

1. Although Theige initially questioned the Bureau's authority to suspend benefits under N.D.C.C. § 65–05–28(4), his counsel conceded on appeal the Bureau could legally suspend Theige's benefits if he had intentionally failed to participate to the extent of his abilities on the FCEs. We therefore need not address the interplay among N.D.C.C. §§ 65–05–28(3) and (4), 65–05.1–02(6), and 65–05.1–04.

[¶ 6] The Bureau adopted the ALJ's findings, conclusions, and order. Theige appealed to the district court, which affirmed the Bureau's order. Theige has now appealed to this court.

[¶ 7] We review the Bureau's decision under well-established standards:

"Under N.D.C.C. § 28–32–21, our review of the bureau's decision is governed by N.D.C.C. § 28–32–19. We affirm the bureau's decision unless its findings of fact are not supported by a preponderance of the evidence, its conclusions of law are not supported by its findings of fact, its decision is not supported by its conclusions of law, or its decision is not in accordance with the law. . . . In considering whether the bureau's findings of fact are supported by a preponderance of the evidence, we exercise restraint and do not make independent findings of fact or substitute our judgment for the bureau's determination. . . . Our review of the bureau's findings of fact is limited to whether a reasoning mind could have reasonably determined that its findings were proven by the weight of the evidence from the entire record."

*Otto v. North Dakota Workers Compensation Bureau,* 533 N.W.2d 703, 706 (N.D.1995) (citations omitted).

[¶ 8] The dispositive issue on appeal is whether the evidence in the record supports the finding that Theige refused to participate in and obstructed medical treatment by failing to exert maximum effort on the FCEs.

[¶ 9] Theige testified he did not attempt to manipulate the tests and gave his best effort. Hinkel, however, testified at length about the basis for her conclusion that Theige was not performing to his full ability and was attempting to manipulate the test results to his benefit. It is the Bureau's responsibility to assess the credibility of witnesses and resolve conflicts in the evidence. *Grotte v. North Dakota Workers' Compensation Bureau,* 489 N.W.2d 875, 878 (N.D.1992); *Westman v. North Dakota Workers Compensation Bureau,* 459 N.W.2d 540, 544 (N.D. 1990).

[¶ 10] Hinkel testified she is certified in the Blankenship system, which is designed to provide objective criteria for determining whether a patient is exerting maximum effort in the FCE. As an example, Hinkel explained the patient will be asked to perform tasks which, although outwardly different, involve the same movements and should produce similar results. She testified that, on one such test, Theige exhibited a hand-grip strength of 45 pounds in his left hand and 75 pounds in his right hand. In a subsequent "rapid exchange grip" test, which should produce correlating results, Theige's results were 100 and 105 pounds. Other tests showed similar inconsistent results, leading Hinkel to conclude Theige was attempting to manipulate the results by not exerting maximum effort.

[¶ 11] From our review of the evidence, we conclude a reasoning mind could reasonably determine the Bureau's findings were proven by the weight of the evidence from the entire record. We have considered the remaining issues raised by Theige and find them to be without merit. The judgment of the district court is affirmed.

[¶ 12] VANDE WALLE, C.J., and MARING, MESCHKE and SANDSTROM, JJ., concur.

